**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Texas (State)

Case number (*If known*): ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** — American Hospitality Properties REIT II, Inc.

2. **All other names debtor used in the last 8 years** — N/A

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN) — 92-2883234

4. **Debtor's address**

   **Principal place of business**

   14643 Dallas Parkway
   Number Street

   Suite 970

   Dallas TX 75254
   City State ZIP Code

   Dallas
   County

   **Mailing address, if different from principal place of business**

   N/A
   Number Street

   P.O. Box

   City State ZIP Code

   **Location of principal assets, if different from principal place of business**

   N/A
   Number Street

   City State ZIP Code

5. **Debtor's website** (URL) — https://americanhospitalitypropertiesreit.com/

Debtor American Hospitality Properties REIT II, Inc. Case number (*if known*)

**6. Type of debtor**

- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ______

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7 2 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No
- ☐ Yes. District ______ When ______ (MM / DD / YYYY) Case number ______

  District ______ When ______ (MM / DD / YYYY) Case number ______

Debtor American Hospitality Properties REIT II, Inc. Case number (*if known*) ______
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor See Schedule 1 Relationship ______
District ______ When ______ MM / DD / YYYY
Case number, if known ______

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? ______

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ______

**Where is the property?** ______
Number Street
______
______ ______ ______
City State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency ______
Contact name ______
Phone ______

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Debtor American Hospitality Properties REIT II, Inc. Case number (*if known*)

Name

**15. Estimated assets**

- ☒ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/04/2026

MM / DD / YYYY

✘ */s/ Alan Tantleff*

Signature of authorized representative of debtor

Alan Tantleff

Printed name

Title Chief Restructuring Officer

**18. Signature of attorney**

✘ */s/ Bradley R. Foxman*

Signature of attorney for debtor

Date 10/04/2026

MM / DD / YYYY

Bradley R. Foxman

Printed name

Vinson & Elkins LLP

Firm name

2001 Ross Avenue, Suite 3900

Number Street

Dallas TX 75201

City State ZIP Code

214.220.7700

Contact phone

bfoxman@velaw.com

Email address

24065243 TX

Bar number State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26 – [_____] (__)** |
| | § | |
| **AMERICAN HOSPITALITY PROPERTIES REIT II, INC.** | § | **(Chapter 11)** |
| | § | |
| | § | |
| **Debtor.** | § | |

**Rider 1**

**Pending Bankruptcy Cases
Filed by the Debtor and Affiliates of the Debtor in the
United States Bankruptcy Court for the Northern District of Texas on the Date Hereof**

| |
|---|
| American Hospitality Properties REIT, Inc. |
| American Hospitality Properties REIT II, Inc. |
| PAH Charlotte Hospitality JV, LLC |
| PAH Charlotte JV, LLC |
| PAH Charlotte LLC |
| AHP Master Lease, LLC |
| AHP RI Cape Canaveral, LLC |
| AHP REIT Port B LLC |
| Lakemore-Phoenix Investment Platform B, LLC |
| AHP LP7 FT Meyers, LLC |
| AHP LP7 Bentonville, LLC |
| AHP LP7 CY Baton Rouge, LLC |
| AHP LP7 RI Baton Rouge, LLC |
| AHP LP7 Jonesboro, LLC |
| AHP LP7 Fayetteville, LLC |
| AHP LP7 Metairie, LLC |

**UNANIMOUS WRITTEN CONSENT OF
THE BOARD OF DIRECTORS OF
AMERICAN HOSPITALITY PROPERTIES REIT II, INC.
IN LIEU OF MEETING**

**September 29, 2026**

The undersigned, constituting all of the members of the Board of Directors (the "***Board***") of American Hospitality Properties REIT II, Inc., a Delaware corporation (the "***Company***"), pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, hereby approve, consent to and adopt the following resolutions with the same force and effect as if they were approved and adopted at a duly constituted meeting of the Board (the "***Consent***").

**WHEREAS**, the Board has studied and considered the financial condition of the Company, including the Company's immediate liquidity needs, liabilities, contractual obligations, the short-term and long-term prospects available to the Company, the strategic alternatives available to the Company and the related circumstances and situation;

**WHEREAS**, the Board has consulted with the Company's financial and legal advisors and considered a variety of strategic alternatives available to the Company;

**WHEREAS**, the Board has determined that it is advisable and in the best interests of the Company to (i) file for immediate protection under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and (ii) file or cause to be filed a voluntary petition for relief (the "***Chapter 11 Petition***," and the case commenced thereby, the "***Chapter 11 Case***") pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, or another appropriate court (the "***U.S. Bankruptcy Court***"), and any and all documents necessary or convenient to effect, cause, or to promote the Chapter 11 Case;

***Chapter 11 Filing***

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby determines that it is advisable and in the best interest of the Company to file the Chapter 11 Petitions pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**RESOLVED FURTHER**, that the Board hereby authorizes the Company to file or cause to be filed the Chapter 11 Petition pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**RESOLVED FURTHER,** that the Board hereby authorizes and empowers each duly appointed manager or officer of the Company, including, without limitation, the CRO (as defined below) (each an "***Authorized Officer***" and, collectively, the "***Authorized Officers***"), to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of each Company, the Chapter 11 Petition, in such form as prescribed by the official forms promulgated pursuant to the Bankruptcy Code;

**RESOLVED FURTHER**, that the Board hereby authorizes and empowers each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court

all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 Case and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Case, each in such form or forms as the Authorized Officer may approve, and subject to further Board approvals as the Company and its counsel determine to be appropriate under the circumstances;

***Retention of Professionals***

**RESOLVED FURTHER**, that the Board hereby approves the Company's engagement of Vinson & Elkins L.L.P. ("***V&E***") as general bankruptcy counsel to represent and assist the Company in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage V&E for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**RESOLVED FURTHER**, that the Board hereby approves the Company's engagement of FTI Consulting, Inc ("***FTI***") as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage FTI for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of FTI;

**RESOLVED FURTHER**, that in connection with the engagement of FTI, the Board hereby appoints Alan Tantleff as Chief Restructuring Officer (the "***CRO***") of the Company and confirms that the CRO is an Authorized Officer of the Company, and is authorized and empowered to execute, deliver, perform, and file the Chapter 11 Petition and any and all other agreements, instruments, certificates, documents, and other papers on behalf of the Company, and to take any and all actions as the CRO shall in his judgment determine to be necessary or appropriate in connection with the Chapter 11 Case and the business, affairs, and operations of the Company; provided that additional approval shall be required for major asset sales, DIP financing or material new borrowing, material settlements, assumption/rejection of major hotel management agreements or franchise agreements, and bankruptcy plan terms;

**RESOLVED FURTHER**, that the Board hereby approves the Company's engagement of LD Realty Capital, LLC ("***LD Capital***") as non-exclusive financing arranger pursuant to that certain Engagement Letter, dated as of September 28, 2026 ("the ***Engagement Letter***"), and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage LD Capital pursuant to its Engagement Letter; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of LD Capital;

**RESOLVED FURTHER**, that the Board hereby authorizes and empowers each Authorized Officer to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

***General***

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, acting alone, authorized, empowered and directed, in the name and on behalf of the Company, to carry out the intent of the foregoing resolutions and the transactions contemplated thereby, and to enter into, execute, deliver and perform all such certificates, agreements, acknowledgments, instruments, contracts, statements and other documents, including any and all amendments thereto, as may, in the judgment of such Authorized Officer, be deemed appropriate, advisable or necessary to carry out the intent of the foregoing resolutions and the transactions contemplated thereby, such determination to be conclusively evidenced by the taking of such action; and be it

**RESOLVED FURTHER**, that all acts and deeds previously performed by any Authorized Officer on behalf of the Company that are within the authority conferred by the foregoing resolutions are hereby approved, confirmed, adopted and ratified in all respects; and be it

**RESOLVED FURTHER**, that the actions taken by these resolutions shall have the same force and effect as if taken at a meeting duly called and constituted pursuant to the Company's bylaws; and be it

**RESOLVED FURTHER**, that these resolutions may be executed and transmitted by .pdf or other form of electronic transmission, and any signature on a .pdf or other form of electronic transmission shall be considered an original for all purposes and shall be fully enforceable.

**IN WITNESS WHEREOF**, the undersigned has duly executed this Consent as of the date first set forth above.

DocuSigned by:
Joseph Reardon
ECC1ECB33A83445...

Joseph Reardon

Signed by:
Mary Pfeifer
91213147E7F64BD...

Mary Pfeifer

**Fill in this information to identify the case:**

Debtor name American Hospitality Properties REIT II, Inc

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number (If known): ____________

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PAH Management<br>14643 Dallas Pkwy<br>Suite 970<br>Dallas, TX 75254 | W.L. "Perch" Nelson<br>perch.nelson@pahmgt.com | Management Fees | C/U/D | | | $4,395,067 |
| 2 | Spirit Realty LP<br>2727 North Harwood Street<br>Suite 300<br>Dallas, TX 75201 | 972.476.1900 | Ground Rent | C/U/D | | | $4,364,667 |
| 3 | Deutsche Bank AG<br>1 Columbus Circle<br>New York, NY 10019 | William Lafferty and<br>Nick Manolas<br>212.250.2500 | Bank Loan | | | | $3,198,721 |
| 4 | Marriott International, Inc.<br>7750 Wisconsin Avenue<br>Bethesda, MD 20814 | 301.380.3000 | Franchise Fees | | | | $1,944,710 |
| 5 | Hilton Hotels Corporation<br>7930 Jones Branch Drive<br>McLean, VA 22102 | 703.883.1000 | Franchise Fees | | | | $191,364 |
| 6 | Summit Fire National Consulting, LLC<br>1250 Northland Drive, Suite 200<br>Mendota Heights, MN 55120 | 651.615.7854 | Trade Payable | | | | $126,973 |
| 7 | Holland & Hart LLP<br>555 Seventeenth Street<br>Suite 3200<br>Denver, CO 80202 | 303.295.8000 | Professional Fees | | | | $92,465 |
| 8 | Latham & Watkins LLP<br>1271 Avenue of the Americas<br>Suite 4300<br>New York, NY 10020 | 212.906.1200 | Professional Fees | | | | $82,941 |

Debtor American Hospitality Properties REIT II, Inc. Case number (if known)
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | HD Supply Facilities Maintenance<br>3400 Cumberland Boulevard SE<br>Atlanta, GA 30339 | 770.852.9000 | Trade Payable | | | | $64,392 |
| 10 | US Foods<br>9399 West Higgins Road<br>Suite 500<br>Rosemont, IL 60018 | 847.720.8000 | Trade Payable | | | | $45,544 |
| 11 | Master Temps Inc.<br>3475 N. Highway 1<br>Unit 1<br>Cocoa, FL 32926 | 321.639.3166 | Trade Payable | | | | $41,185 |
| 12 | Munck Wilson Mandala LLP<br>2000 McKinney Avenue<br>Suite 1900<br>Dallas, TX 75201 | 972.628.3600 | Professional Fees | | | | $33,636 |
| 13 | Onity Inc.<br>2232 Northmont Parkway<br>Duluth, GA 30096 | | Trade Payable | | | | $30,044 |
| 14 | Schindler Elevator Corporation<br>20 Whippany Road<br>Morristown, NJ 07960 | 973.397.6500 | Trade Payable | | | | $28,586 |
| 15 | Ecolab Pest Elimination Inc.<br>1 Ecolab Place<br>St. Paul, MN 55102 | 800.232.6522 | Trade Payable | | | | $27,714 |
| 16 | InterMountain Renovation Consultants, LLC<br>2390 Tower Drive<br>Monroe, LA 71201 | 318.325.5561 | Trade Payable | | | | $27,500 |
| 17 | WebstaurantStore, Inc.<br>40 Citation Lane<br>Lititz, PA 17543 | | Trade Payable | | | | $26,742 |
| 18 | Advance Catastrophe Technologies, LLC<br>4070 N. Hoover Court<br>Wichita, KS 67205 | 833.633.3228 | Trade Payable | | | | $24,004 |
| 19 | Central Laundry Equipment, Inc.<br>1081 Cocklebur Rd.<br>Ward, AR 72176 | 800.467.3194 | Trade Payable | | | | $23,689 |
| 20 | Entergy Corporation<br>639 Loyola Avenue<br>New Orleans, LA 70113 | 504.576.4000 | Utilities | | | | $23,454 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26 – [_____] (__)** |
| | § | |
| **AMERICAN HOSPITALITY PROPERTIES REIT II, INC.** | § | **(Chapter 11)** |
| | § | |
| | § | |
| **Debtor.** | § | |

**CORPORATE OWNERSHIP STATEMENT (RULES 1007(A)(1) AND 7007.1)**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor states that no entity, other than the debtor or a governmental unit, directly owns 10% or more of any class of the Debtor's equity or partnership interests.

**Fill in this information to identify the case and this filing:**

Debtor Name American Hospitality Properties REIT II, Inc.

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number (*If known*): ________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration All statements and riders attached hereto

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/04/2026
MM / DD / YYYY

✘ ***/s/ Alan Tantleff***
Signature of individual signing on behalf of debtor

Alan Tantleff
Printed name

Chief Restructuring Officer
Position or relationship to debtor